**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PAOLA M VARGAS,
*on behalf of herself,*

                                Plaintiff,

    v.

THE COLLEY GROUP LLC and
McCONNER STREET HOLDINGS LLC,

                                Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff PAOLA M VARGAS ("Plaintiff" or "Plaintiff Vargas"), by and through her undersigned attorneys, hereby files this Complaint against Defendants THE COLLEY GROUP LLC and McCONNER STREET HOLDINGS LLC ("Defendants") and states as follows:

## INTRODUCTION

Plaintiff alleges that Defendants discriminated against her on the basis of her pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended ("Title VII"), New York State Human Rights Law, New York Executive Law § 292 *et seq*. ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL") and brings this action against Defendants to recover compensatory damages, punitive damages and attorneys' fees and costs.

1

Plaintiff alleges that Defendants violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq,* when they terminated her after she took a leave of absence for her pregnancy. Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, back pay, front pay, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the unlawful acts for which Plaintiff seeks relief took place in that District.

## PARTIES

*Plaintiff*

3.      Plaintiff PAOLA VARGAS is a resident of Bronx County, New York

*Defendants*

4.      Defendant THE COLLEY GROUP LLC is a domestic business corporation with a principal place of business at 4 Front Street, Croton Falls, New York 10519 and an address for service of process at Edgar Rizo, P.O. Box 779, 4 Front Street, Croton Falls, NY 101519.

5.      Defendant McCONNOR STREET HOLDINGS LLC is a wholly owned subsidiary of THE COLLEY GROUP LLC.  It is organized under the laws of Delaware and has its principal place of business at 4 Front Street, Croton Falls, New York 10519.  It's address for service of process is c/o The Colley Group, P.O. Box 779, Croton Falls, NY 10519.

6.      Defendants own at least ten McDonalds franchises in New York State, including the franchise where Plaintiff was employed, and at any give time employed at least 100 employees during the past 5 years.

2

## STATEMENT OF FACTS

7.      Plaintiff had been working at the McDonalds at 3410 Broadway, New York, NY 10031 for about nine years on March 22, 2020 when she, like much of New York City, stopped working because of the Covid-19 pandemic.

8.      Her McDonalds store did not completely shut down when the pandemic arrived, but business was stagnating and many employees were getting sick. Given this, management invited employees to take a leave of absence, telling them they should let management know a month ahead of time when they would be coming back, since scheduling was always done a month in advance. Some workers stayed on while others left. Plaintiff stayed on for a week or two but then decided to take up management's offer and go on a leave of absence.

9.      In April, Plaintiff learned that she was pregnant. In June, her manager Eddy Diaz reached out to her and asked when she intended to come back.  Plaintiff responded that she was now pregnant and that she would have to check with her doctor about when she could safely come back to work. The manager then asked that she let him know when she would be returning a month in advance. Plaintiff responded that she would likely be able to return in August and would therefore confirm this with him in July.

10.     In early July, just as Plaintiff was about to touch base with her manager to confirm her August return, she noticed that she had been removed from Defendants' online employee management system, "Deputy." Plaintiff understood this to mean that she had been terminated. On July 10, 2020 a fellow employee (who had not taken a leave) forwarded Plaintiff a text he had received from management alerting workers that the Broadway location was closing down but that they could be transferred to another location if they wished. That message read:

> Through this message I am letting you know that we will close our doors on September 1 and we are also informing you that the employees who want to

continue working for the company we are going to place them somewhere else notify me thanks

See **Exhibit A** for screenshot

11.     Astonished that she had been removed from this system despite her arrangement with Mr. Diaz and confused as to why she had not received an invitation to transfer to another of Defendants' stores, Plaintiff texted Mr. Diaz, leading to the following exchange:

**PF:** So I am fired?

**Manager:** ?

**PF:** What a nice gift. On my birthday they closed McDonalds and I found out by someone else.

**Manager:** How did you find out by someone else?

**PF:** Yes, someone who called me.

**Manager:** Imagine that.

**PF:** That's typical of the 138 [the store location]

**Manager:** Yes.

**PF:** Oh my gosh.

**PF:** But I was in "deputy" and no one told me that I was going to be taken out of the system, no one told me and I never quit. I stopped working because

1) of the Coronavirus
2) of my family, which is the most important because my daughters Haylee and Kaylee, which I told you about already
3) I am pregnant
4) I told you when I returned that it was in August and you told me to contact you 1 month before, but you still took me out of the system, wow

**Manager:**
1) I understand why you left
2) Yes you explained to me and I understood, that's why I didn't force you to work
3) You became pregnant during quarantine, outside of the job

4) After this, everything changed and I followed the orders of my supervisors. I didn't only fire you, I fired many people, based on the orders that they gave me. If you think these reasons aren't enough, please contact my supervisors directly

See **Exhibit B** for screenshot of original Spanish

12.     Defendants violated Federal and New York State anti-discrimination laws when they denied Plaintiff continuing employment because she had become pregnant.  Plaintiff obviously had no performance problem, as shown by her manager's inquiry in June about when she would be returning to work. Nor was there a lack of available work.  While the McDonalds location on Broadway was closing down, Defendants invited other (non-pregnant) employees to transfer to another location. The turning point in Plaintiff's relationship with Defendants was her disclosure that she had become pregnant. As Mr. Diaz succinctly put it, "After this, everything changed."  His text made clear that he was acting on orders from higher ups at the company.

13.     Defendants also violated the Family Medical Leave Act ("FMLA") when they terminated Plaintiff for asserting her right for leave to attend to her pregnancy.  Plaintiff did not formally assert her rights under the FMLA. But this was only because Defendants had lulled her into the belief that such was unnecessary, since it appeared to her that her request for continued leave was being handled informally. Had she known she was in danger of being terminated for her pregnancy-related leave, she would have filed a formal request pursuant to the FMLA.

## COUNT I

## PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

14.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

15.     At all relevant times, Defendants operated a business that discriminated against Plaintiff on the basis of her sex, in violation of the Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C. § 2000 et seq.[1]

16.     Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S. Code § 2000e–2(a)(1).

17.     As amended by the Pregnancy Discrimination Act of 1978, Title VII also makes clear that "because of sex" includes "because of or on the basis of pregnancy, childbirth, or related medical conditions" and that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work." 42 U.S. Code § 2000e(k).

18.     Defendants' conduct was willful or undertaken with reckless disregard for Plaintiff's protected rights under Title VII.

19.     As a direct and proximate result of Defendants' unlawful acts in violation of the Title VII, Plaintiff has suffered both economic damages and severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary relief, including punitive damages and attorneys' fees and costs.

20.     Plaintiff has obtained a right to sue from the EEOC, attached hereto as **Exhibit A**.

---

[1] Plaintiff has obtained a notice of right-to-sue from the EEOC.  *See* **Exhibit C**.

## COUNT II

## PREGNANCY DISCRIMINATION IN VIOLATION OF THE
## NEW YORK STATE HUMAN RIGHTS LAW

### (New York State Executive Law § 292 *et seq.*)

21.     Claimant realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

22.     The New  York State Human Rights Law ("NYSHRL") provides: "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." New York State Executive Law § 296(1)(a).

23.     The New York State Human Rights Law not only prohibits sex discrimination generally but also makes it "an unlawful discriminatory practice for an employer … to refuse to provide reasonable accommodations to the … pregnancy-related conditions … of an employee." N.Y. Exec. Law § 296(3)(a)-(b).

24.     Defendants' conduct was willful or undertaken with reckless disregard of Plaintiff's protected rights under NYSHRL.

25.     As a direct and proximate result of Defendants' unlawful acts in violation of NYSHRL, Plaintiff has suffered economic harm as well as severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and relief, including punitive damages and attorneys' fees.

**COUNT III**

**PREGNANCY DISCRIMINATION IN VIOLATION OF
NEW YORK CITY HUMAN RIGHTS LAW**

26.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth

herein.

27.     The New York City Human Rights Law ("NYCHRL") prohibits discrimination in

the terms, conditions, and privileges of employment on the basis of sex, providing that

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee
> or agent thereof, because of the actual or perceived age, race, creed, color, national
> origin, gender, disability, marital status, sexual orientation or alienage or
> citizenship status of any person, to refuse to hire or employ or to bar or to discharge
> from employment such person or to discriminate against such person in
> compensation or in terms, conditions or privileges of employment.

The New York City Administrative Code § 8-107(1).

28.     At all relevant times, Defendants had at least four (4) persons in their employ.

Plaintiff was an employee and qualified person within the meaning of NYCHRL and Defendants

are covered employers under the NYCHRL.

29.     Defendants operated a business that discriminated against Plaintiff on the basis of

her pregnancy in violation of the NYCHRL. The New York City Human Rights Law makes it "an

unlawful discriminatory practice" for any private employer to refuse a reasonable accommodation

to an employee for "pregnancy, childbirth or related medical condition." N.Y.C. Admin. Code §

8-107(22)(a).

30.     Under the NYCHRL, an employer is liable for the discriminatory conduct by an

employee, agent or independent contractor. The NYCHRL provides in relevant part:

> (a) An employer shall be liable for an unlawful discriminatory practice based upon the
> conduct of an employee or agent which is in violation of any provision of this section
> other than subdivisions one and two of this section.

8

(b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or
(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

Administrative Code § 8-107(13)

31.    Here, all of these prerequisites have been satisfied, since Plaintiff's manager conveyed to her in no certain terms that he was carrying out company policy.

32.    Defendants' conduct was willful or undertaken with reckless disregard of Plaintiff's protected rights under the NYCHRL.

33.    As a direct and proximate result of Defendants' unlawful acts in violation of NYCHRL, Plaintiff has suffered economic harm as well as severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and relief, including punitive damages and attorneys' fees.

## COUNT IV

## INTERFERENCE AND RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

### (29 U.S.C. § 2601 *et seq*)

34.    Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

35.     The FMLA states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … Because of the birth of a son or daughter of the employee and in order to care for such son or daughter," 29 U.S. Code § 2612(a)(1)(A), or "Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S. Code § 2612(a)(1)(D).

36.     Section 2615(a) of the FMLA, states in pertinent part:

Interference with rights.

i.   Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

ii.  Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

37.     Defendants are subject to the FMLA as a covered employer. Defendants are a covered employer because they employ 50 or more employees for each working day during each of the 20 or more calendar workweeks in the year preceding their violation of Plaintiff's rights under the FMLA.

38.     Plaintiff is an eligible employee under the FMLA because she had worked at least 1,250 hours in the 12 months preceding her request for leave.

39.     Defendants interfered with Plaintiff's rights under the FMLA by terminating her because she was on pregnancy leave.

40.     Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, back pay, front pay, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under Title

VII, NYSHRL, NYCHRL, and FMLA;

b.  All applicable compensatory and punitive damages under the foregoing statutes;

c.  An award of prejudgment and postjudgment interest, costs and expenses of this action

together with reasonable attorneys' and expert fees and statutory penalties; and

d.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as of right by jury.

Dated:  New York, New York
       April 16, 2021

Respectfully submitted,

By: */s/ C.K. Lee*
    C.K. Lee

LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorney for Plaintiff*